**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

CIVIL ACTION NO.:

| | |
|---|---|
| MITCHELL CLIONSKY, d/b/a NEURO-PSYCHOLOGY ASSOCIATES OF WESTERN MASSACHUSETTS**,** on behalf of himself and all others similarly situated, | ) ) ) ) ) |
| *Plaintiffs* | ) |
| | ) |
| v. | ) |
| | ) |
| CIGNA CORPORATION, | ) |
| *Defendant* | ) |
| | ) |

**CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED**

## INTRODUCTION

1.      This is a class action complaint brought by Plaintiff, Mitchell Clionsky, d/b/a Neuro-Psychology Associates of Western Massachusetts (Dr. Clionsky) individually and on behalf of all similarly situated health care providers, against CIGNA Corporation (CIGNA). This action challenges CIGNA's reimbursement of certain procedures used by Dr. Clionsky and members of the class in treating patients covered by health insurance policies issued by CIGNA.

2.      This action challenges CIGNA's practice of arbitrarily and unilaterally reducing medical expense claims rendered to CIGNA insureds by Plaintiff and Class Members.

3.      Plaintiff, on behalf of himself and all other similarly situated, brings the following claims against the Defendant: a) breach of contract; b) breach of the implied covenant of good faith and fair dealing; and c) violation of Mass. Gen. Laws, Chapter 93A, Section 11.

## JURISDICTION

4.      Plaintiffs invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1332 because the action is between parties that are citizens of different states and the amount in controversy is greater than $75,000.  CIGNA's Corporate Headquarters are located at Two

Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania 19192-1550.[1]  The named

Plaintiff is a citizen of Massachusetts.

5.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in

that it is brought as a putative class action in which the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interest and costs, and at least one member of the class of

plaintiffs is a citizen of a state different from any defendant.

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) inasmuch as

Defendant resides in this District and regularly conducts business in this District by providing a

variety of individual and group health plan benefits to persons residing in Massachusetts.[2]

## PARTIES

7.      The named Plaintiff, Mitchell Clionsky, d/b/a Neuro-Psychology Associates Of

Western Massachusetts, (hereinafter, "Neuro-Psychology Associates"), provides psychological

services and testing with a principal place of business at 155 Maple Street, Suite 203,

Springfield, Massachusetts 01105.

8.      The Defendant, CIGNA Corporation, (hereinafter, "CIGNA"), is a global health

services company located at Two Liberty Place, 1601 Chestnut Street, Philadelphia,

Pennsylvania 19192-1550, and provides health plan benefits in all 50 states and the District of

Columbia.

## FACTUAL BACKGROUND

9.      Neuro-Psychology Associates provides reasonable and necessary services to a

number of individuals entitled to benefits under health insurance policies issued by CIGNA.

---

[1] For diversity jurisdiction purposes, a corporation is a citizen of the state where it has "its principal place of business." 8 U.S.C. § 1332(c)(1).  The term "principal place of business" refers to "[a] corporation's 'nerve center,' [which is] usually its main headquarters…." Hertz Corp. v. Friend, --- U.S. ----, 130 S.Ct. 1181, 1192 -1193, 175 L.Ed.2d 1029 (2010).
[2] "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).  A state long-arm statute furnishes a mechanism for personal jurisdiction in federal court. U.S. v. Swiss American Bank, Ltd., 191 F.3d 30, 36 (1st Cir.1999) (citing Fed.R.Civ.P. 4(k)(1)(A)).  The Massachusetts long-arm statute permits personal jurisdiction over a person transacting any business, contracting to supply services or things, or contracting to insure any person, property or risk located within this commonwealth. Mass. Gen Laws. ch. 223A, § 3.

10.     Neuro-Psychology Associates describes the services it provides to patients utilizing the Current Procedural Terminology ("CPT") code set developed and maintained by the American Medical Association and used to facilitate communication and reporting between health care providers and health care payors like CIGNA.

11.     CIGNA has continually denied reimbursement for several CPT codes submitted to CIGNA by Neuro-Psychology Associates for services that are necessary and properly payable.

12.     The codes in dispute are CPT codes 96118, 96119, and 96120.

13.     CPT code 96118 is a "professional" code and may only be submitted for services rendered by a fully-licensed psychologist or physician.

14.     CPT code 96119 is a "technical" code used for face-to-face testing administered by an individual who is licensed at less than the Ph.D. level.

15.     CPT code 96120 is the used for testing administered by computer.

16.     Health care providers in the United States may bill one or more codes simultaneously using Modifier -59, used to indicate distinct procedural services all reimbursable by the health care payor.

17.     CIGNA has repeatedly denied reimbursement to Neuro-Psychology Associates using Modifier -59 for CPT codes 96119 and 96120 when these services are properly payable.

18.     The dollar amount of services improperly denied by CIGNA solely to the named Plaintiff alone totals $11,295.56.

## CLASS ALLEGATIONS

19.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

20.     This class action is brought by the Plaintiffs on behalf of themselves and all health care providers in the United States and its territories who submit CPT codes 96118, 96119, and 96120 to CIGNA for reimbursement of properly payable services.

21.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

22.     Plaintiffs do not know the exact size or identities of the members of the proposed

class because such information is in the exclusive control of Defendant.  Given the global operation of the Defendant, Plaintiffs reasonably believe that the class encompasses hundreds or thousands of individuals whose identities can be readily ascertained from Defendant's books and records.  Therefore, the proposed class is so numerous that joinder of all members is impracticable.

23.     Based on the number of individuals enrolled in CIGNA individual and group health plans and the size of the reimbursements at issue, Plaintiffs reasonably believe the amount in controversy exceeds $5 million.

24.     All members of the class have been subject to and affected by the same conduct. The claims are based on health care benefits contracts and uniform provider reimbursement requirements.  There are questions of law and fact that are common to the class that predominate over any questions affecting only individual members of the class.  These questions include, but are not limited to the following:

    a.   Whether the reimbursement practices complained of constitute a breach of the insurance contracts;

    b.   Whether and to what extent Plaintiff and Class Members were harmed by the Defendant's improper conduct; and

    c.   The proper measure of damages sustained by Plaintiff and Class Members.

25.     The claims of the named Plaintiff are typical of the class claims and do not conflict with the interests of any other class members in that both the Plaintiff and the other class members were subject to the same or similar health care benefits contracts, uniform provider reimbursement requirements, and/or other agreements/policies issued by the Defendant, and subject to the same conduct of the Defendant, namely, denial of reimbursement for properly payable services.

26.     The named Plaintiff will fairly and adequately represent the interests of the class, is committed to the vigorous prosecution of the class claims, and has retained attorneys who are qualified to pursue this litigation and have experience in class actions.

27.    A class action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

28.    This putative class action meets at least one of the requirements of Fed. R. Civ. P. 23(b).

## COUNT I
## BREACH OF CONTRACT

29.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

30.    Plaintiffs bring this claim on their own behalf and on behalf of each member of the Class described above.

31.    Neuro-Psychology Associates is an intended third-party beneficiary of the insurance contract(s) between CIGNA and patients of Neuro-Psychology Associates.

32.    CIGNA's denial of reimbursement constitutes a breach of contract with its insured, and a breach of contract rights granted to Neuro-Psychology Associates as an intended third-party beneficiary of the contract(s).

33.    As a result of CIGNA's breach of contract, Neuro-Psychology Associates has suffered damages and incurred fees and costs.

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

35.    Plaintiffs bring this claim on their own behalf and on behalf of each member of the Class described above.

36.    Defendant is obligated by contract and common law to act in good faith and to deal fairly with each insured and each provider.

37.    Defendant routinely and regularly breaches this duty by:

   a.    failing to perform the functions of a health care payor consistent with its responsibilities to Plaintiffs;

   b.    failing to properly supervise its agents and employees including, but not

5

limited to, its appeals processors and claims processors;

    c.   routinely demanding information already provided or available through other sources as a prerequisite to reimbursing properly payable services; and

    d.   making inaccurate calculations and determinations of Plaintiffs' eligibility for reimbursement.

38.     As a result of Defendant's failure to act in good faith and the absence of fair dealing, Neuro-Psychology Associates has suffered damages and incurred fees and costs.

**COUNT III**

VIOLATION OF MASS. GEN. LAWS, CHAPTER 93A, SECTION 11

39.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

40.     Plaintiffs bring this claim on their own behalf and on behalf of each member of the Class described above.

41.     GIGNA's denial of properly payable reimbursements is an unfair and deceptive act or practice under Mass. Gen. Laws, c. 93A, § 11.

42.     The named Plaintiff has pursued every administrative remedy and sent a Demand for Relief to GIGNA and no payments have been made.

43.     As a result of CIGNA's unfair and deceptive practices, Neuro-Psychology Associates has suffered damages and incurred fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, The Plaintiffs respectfully request the following relief:

1.     Certify this case as a class action and appoint the named Plaintiff to be class representative and his counsel to be class counsel;

2.     Enter a judgment declaring the acts and practices of Defendant complained of herein to constitute a breach of contract and a breach of the covenant of good faith and fair dealing, as well as a violation of Mass. Gen. Laws, c. 93A, § 11 warranting double or treble damages, attorneys' fees, and costs.

3.      Order specific performance of Defendant's contractual obligations together with other relief required by contract and law;

4.      Grant a permanent or final injunction enjoining Defendant's agents and employees, affiliates and subsidiaries, from continuing to harm Plaintiff and the members of the Class;

5.      Award actual and punitive damages to the Plaintiff and the Class;

6.      Award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees; and

7.      Grant Plaintiff and the Class such other and further relief as this Court finds necessary and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.


Respectfully submitted,
The Plaintiff,
MITCHELL CLIONSKY, d/b/a
NEURO-PSYCHOLOGY ASSOCIATES OF
WESTERN MASSACHUSETTS,

By Its Attorneys:
**GOGEL & GOGEL**


/s/ Kenneth J. Gogel
Kenneth J. Gogel, Esq., BBO #547968
2 Mattoon Street
Springfield, MA 01105
(413) 788-5683
(413) 737-3382 (Fax)

**THE LAW OFFICE OF ANDY KRALIOS**
Andy Kralios, Esq., BBO #674145
Two Mattoon Street
Springfield, Massachusetts 01105-1716
(413) 244-6931
LawofAK@gmail.com